IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No.: 1:12:CV-00496-CB-M |
| CITY OF EVERGREEN, ALABAMA; PETE WOLFF, III, Mayor of the City of Evergreen, Alabama; LUTHER UPTON, DIANE SKIPPER, JOHN SKINNER, JR., VIVIAN FOUNTAIN, and MAXINE HARRIS Council Members of the City of Evergreen, Alabama; BECKY B. ROBINSON, City Clerk for the City of Evergreen, Alabama | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PARTIAL CONSENT AGREEMENT**

Plaintiffs filed this action pursuant to Sections 2 and 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 and1973c (Section 5") and the 14th and 15th Amendments to challenge the method of election for the Evergreen, Alabama, city council; and to challenge a new system of determining voter eligibility and preparation of the list of eligible voters for elections of the City of Evergreen. The parties respectfully file this Partial Consent Agreement to resolve the issues under Section 5 of the Voting Rights Act, and specifically to prevent the

August 28, 2012 municipal election from being held in violation of federal law and to develop procedures for a special city election to be held on December 15, 2012.[1]

The Court has jurisdiction of this action pursuant to 28 U.S.C. §1345 and 42 U.S.C. §§1973C and 1973j(f). In accordance with the provisions of 42 U.S.C. § 1973c and 28 U.S.C. § 2284, the Section 5 claim must be heard and determined by a court of three judges.  A single judge may, however, enter a preliminary injunction such as is here proposed by the parties.  28 U.S.C. §2284(b)(3).  *Puerto Rican Legal Defense and Education Fund v. City of New York,* 769 F.Supp. 74, 76 (S.D. N.Y. 1991).  The events relevant to this action occurred in the City of Evergreen in Conecuh County, Alabama, which is located in the United States District Court for the Southern District of Alabama, Southern Division. See 28 U.S.C. §124.

Plaintiffs are black citizens and registered voters who reside in Evergreen, Alabama who seek to vindicate rights protected by the Voting Rights Act and the United States Constitution.

The State of Alabama and its subdivisions are subject to the preclearance requirements of Section 5. See 42 U.S.C. §1973c; see also 28 C.F.R. Part 51, Appendix.  Section 5 provides that any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from that in force or effect in the State of Alabama or its subdivisions on November 1, 1964, may not be lawfully implemented unless such change has been submitted to the Attorney General, and the Attorney General has not interposed an objection within sixty days; or the jurisdiction obtains a declaratory judgment from the United States District Court for the District of Columbia that the change does not have the purpose and will not have the effect of

---

[1]  This Agreement does not resolve the claims as to the additional claims set forth in the Complaint in this action under Section 2 of the Voting Rights Act and the 14th and 15th Amendments, including claims respecting the boundaries of single-member districts to be used for city council elections.

denying or abridging the right to vote on account of race, color, or membership in a language minority group. See 42 U.S.C. § 1973c.

Defendant City of Evergreen ("City") is a subdivision of the State of Alabama and is therefore subject to the Section 5 preclearance requirements. The City is governed by a mayor, elected at large, and a five-member city council. Defendant Mayor and City Council members are the governing body for the City and, along with the City Clerk, are responsible for implementing and administering voting changes and conducting elections for the City. Each of these officials also is a named Defendant, sued in his or her official capacity.

Members of the Evergreen city council are elected from five single-member districts, each for four-year concurrent terms. The 2010 census established that the city council districts in place since 2001 are mal-apportioned so that their continued use for elections would violate the 14th Amendment. On May 15, 2012, the City adopted a municipal redistricting plan. The City submitted that plan to the Attorney General for Section 5 review and it was received by the Attorney General on June 15, 2012. The City voluntarily has supplemented its submission on multiple occasions since then. The City has not received preclearance of the May 15, 2012 redistricting plan.

The City has begun to implement the May 15, 2012 redistricting plan even though it has not received Section 5 preclearance. The City accepted and subsequently closed candidate filing under the plan, placing candidates in the new districts; the City prepared ballots and voter lists based on the new districts; and the City mailed out absentee ballots and directed voters in areas that had been moved from one district to another to cast ballots in the new districts.

The City also implemented changes in the system for preparing the list of eligible voters for the August 28, 2012 election. In the past, the City uniformly has worked from an official list

3

of registered voters in Conecuh County and, consistent with state law, placed all persons with city addresses on the list of eligible voters. For August 28, 2012, the City worked from the list of persons billed by the municipal utility system, and placed those persons who paid municipal utility bills on the list of eligible voters. The City placed a large number of persons whose names were on the county voter registration list on a separate list, denominated "Problem Voters." Plaintiffs' aver that the Problem Voter list comprises nearly 30 percent of the entire voting age population of the City of Evergreen, and includes many registered voters who reside within the city. Plaintiffs' aver, among other things, that the City also deliberately omitted other persons whose names were on the county voter registration list and who reside in the city from both the list of eligible voters and the Problem Voter list, although such persons are eligible to vote under state and federal law. The City has not submitted the changes in its system for preparing the list of eligible voters for the August 28, 2012 election to the Attorney General for Section 5 review, and has not filed an action for a Section 5 declaratory judgment.

The parties recognize and agree that, as both a legal and a purely mechanical matter, a municipal election cannot be held on August 28, 2012, in light of the unprecleared voting changes and associated issues.

To avoid the burdens, cost and division of litigation over these issues, the parties have agreed that the Section 5 issues in this lawsuit should be resolved through the terms of this Partial Consent Decree ("Decree"). Accordingly, the Plaintiffs and the Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Decree. The parties waive a hearing and entry of findings of fact and conclusions of law on the Section 5 issues involved in this matter, and further agree to attempt to resolve amicably all

remaining issues as to the boundaries of council districts, fees and costs.  Accordingly, the Plaintiffs and Defendants stipulate and agree to the following:

1. The City of Evergreen, Alabama is a covered jurisdiction within the meaning of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c.

2. The May 15, 2012 redistricting plan and the revised system for determining what persons are eligible to vote in municipal elections constitute voting changes within the meaning of Section 5. The voting changes are legally unenforceable unless they receive the requisite preclearance under Section 5 of the Voting Rights Act. See Clark v. Roemer, 500 U.S. 649 (1991); 28 C.F.R. 51.10.

3. These redistricting plan and new voter eligibility system have not received preclearance from the United States District Court for the District of Columbia or the United States Attorney General, as required under Section 5 of the Voting Rights Act.

4. Defendants have taken irretrievable steps to conduct the August 28, 2012 City of Evergreen municipal elections based on the unprecleared voting changes, including the redistricting plan and new voter eligibility system.  The candidates who prevailed in those elections would be sworn into office on November 3, 2012.

5. Irreparable harm would be caused by Defendants' continued administration and implementation of the unprecleared voting changes.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants, their agents, their successors in office, and all persons acting in concert with them, are ENJOINED from using the redistricting plan adopted by the City on May 15, 2012 unless either the Attorney General or the United States District Court for the District of Columbia preclears the redistricting plan.

2. Defendants, their agents, their successors in office, and all persons acting in concert with them, are ENJOINED from administering or attempting to administer any election using the lists of voters and Problem Voters prepared by the City for use in the August 28, 2012 municipal election in any other election of the City of Evergreen until Defendants obtain Section 5 preclearance, or from honoring challenges to voters' eligibility based on such a list without a sufficient independent factual basis for such challenge.

3. The City of Evergreen election scheduled for August 28, 2012 is ENJOINED  and the City shall conduct a special election on December 15, 2012, and Defendants shall follow state law standards and requirements as to the number of days before and after December 15, 2012 in which to perform an act in conducting the special election and run-off, with the additional requirement that a list of eligible voters shall be completed and presented to Plaintiffs 10  days prior to the deadline for the official list so that they may inspect it and comment, and so that the parties can amicably resolve any dispute as to the eligibility of any voter prior to the election.

4. Defendants are ENJOINED to obtain, on or before September 1, 2012, the assistance of an employee of the Office of the Secretary of State of Alabama or other person agreed to by the parties to supervise the conduct of the December 15, 2012 election; train officials of the City in the proper conduct of an election; and assure transparency in the creating of the list of registered voters eligible to participate in the December 15, 2012 election.

5. This decree is final and binding between the parties and their successors in office regarding the claims raised in this action. This Decree shall remain in effect for one year from the date of this Order.

6. The Court shall retain jurisdiction of this case to consider the additional Claims raised in the Complaint in this action under Section 2 of the Voting rights act, 42 U.S.C. 1973 and the 14th and 15th Amendments; and to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with federal law.

Agreed to this the 16th day of August, 2012.

AGREED AND CONSENTED TO:

| For Plaintiff: | For Defendants: |
|---|---|
| /s/Armardo W. Pitters | /s/James H. Anderson |
| ARMARDO W. PITTERS [8998-T64A] | JAMES H. ANDERSON [ANDE4440] |
| P.O. Box 973 | JESSE K. ANDERSON [ANDE8821] |
| Montgomery, AL 36102 | JACKSON, ANDERSON & PATTY, P.C. |
| Tel: (334)265-3333 | Post Office Box 1988 |
| Fax: (334)365-3411 | 250 Commerce Street, Suite 100 |
| | Montgomery, Alabama  36102-1988 |
| /s/John K. Tanner | Tel: (334) 834-5311 |

JOHN K. TANNER [Admitted Pro Hac Vice]    Fax: (334) 834-5362

3743 Military Road, NW

Washington, DC 20012

    DONE and ORDERED this the 20th day of August, 2012.

                                                *s/ Charles R. Butler, Jr.*
                                                **Senior United States District Judge**