IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 12-0496-CG-M ) |
| CITY OF EVERGREEN, ALABAMA; PETE WOLFF, III, Mayor of the City of Evergreen, Alabama; LUTHER UPTON, DIANE SKIPPER, JOHN SKINNER, JR., VIVIAN FOUNTAIN, and MAXINE HARRIS Council Members of the City of Evergreen, Alabama; BECKY B. ROBINSON, City Clerk for the City of Evergreen, Alabama, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## PARTIAL CONSENT AGREEMENT TO A NEW ELECTION DATE

The Plaintiffs and Defendants stipulate to the following facts:

1.   Plaintiffs brought this action challenging both the current (2001) and proposed (2012) redistricting plans for Defendant under Sections 2 and 5 of the Voting Rights Act and the 14th and 15th Amendments based on claims of racial discrimination and mal-apportionment.  Plaintiffs also challenged the adoption by Defendants of a new system for determining which registered voters were eligible to vote in elections of the City of Evergreen.  Pursuant to joint motions of the parties, this Court enjoined the August 28, 2012 election, appointed a Special Master to oversee the development of an accurate list of eligible voters, and set a December 15, 2012 date the 2012 municipal election.  (Docs. 8 and 13).

2.   The efforts of the parties to obtain agreement on the numerous issues in this case have taken longer than the parties had anticipated in seeking the December

15, 2012 election date. Specifically, the list of registered voters has not been finalized despite what the parties agree have been the exemplary efforts of the Special Master and despite the cooperation of the clerk and Plaintiffs' representative: unanticipated problems with the registration list have arisen and that task proved to be more complicated than the parties had anticipated. The completion of the list is imminent, but it already has gone beyond the date necessary for the conduct of an election on December 15, 2012. Further, the parties have not reached agreement on any redistricting plan for city council districts; as a result, voters cannot be assigned to districts and local citizens cannot determine whether they wish to qualify for particular offices in the new election. Accordingly, as a practical matter, the election simply cannot be held on that date.

3.  The parties advise the Court that the remaining issues can be resolved according to the proposed schedule. The list of eligible voters will be complete in the very near future. With the commendable work the Special Master has performed to get the list of eligible voters in shape, the assignment of voters to city council districts can be accomplished quickly.

4.  As to a redistricting issue, the parties report that Plaintiffs have proposed three alternative city council redistricting plans to Defendants. Defendants have not agreed to any plan, nor have Defendants taken further steps to obtain Section 5 preclearance. The parties accordingly are at an impasse on that issue, but agree that it is ripe for resolution by the Court. Specifically, Defendants propose use in the special election of the redistricting plan it originally adopted. Plaintiffs seek a

new plan and propose presently to file an appropriate motion with the Court to that effect.  Under these circumstances, the parties have agreed that the election can and should be held according to the proposed schedule.

5.      The schedule agreed to by the parties contemplates a primary election on February 26, 2013.  That schedule contemplates that candidate filing should commence on December 26, 2012 and close on January 15, 2013.  The parties agree and stipulate that in the event that the Court requires more time to approve and adopt a redistricting plan, and in light of the size of the City of Evergreen and the duration of this matter, the period for candidate qualifying should be delayed for a period of up to two weeks, from December 26, 2012 to January 8, 2013, and that the close of qualifying should occur on January 15, 2013.  The parties further have agreed that any additional dates and deadlines that need adjustment consequent to such alteration should be determined by the Special Master after notice to and opportunity to comment by counsel for the parties as the Special Master deems to be in the best interests of the voters and the conduct of an orderly election.

6.      The parties further have agreed to the need for certain adjustments to the normal statutory schedule.  First, this Court has provided that the "Special Master shall have the full statutory and customary authority of officials of the City of Evergreen to supervise the conduct of the December 15, 2012 special election and any subsequent run-off election that may be necessary."  (Doc. 13 at 4)  One such duty is the appointment of poll officials.  The Special Master is not a resident of Evergreen or personally familiar with potential poll officials.  The parties have

agreed to assist the Special Master in selecting poll officials, and both Plaintiffs and Defendants shall recommend qualified persons to serve as poll officials one week prior to the date for the Special Master's appointments.

7. Second, and because the Evergreen mayor and city council members are serving in office beyond their statutory terms of office, the parties have agreed that new officials should take office immediately upon certification by the Special Master that they have received a majority of the votes, either in the primary or the run-off election.

8. Third, the parties have agreed that at the close of the municipal elections, including any run-off election that may be necessary, the Special Master should file a Final Report describing the problems associated with the development of an accurate list of eligible voters so as to provide guidance for the future and for the benefit of governments in Alabama generally.

9. To avoid the burdens, cost and division of litigation over these issues, the parties have agreed that the issues addressed herein should be resolved through the terms of this Partial Consent Decree ("Decree").  Accordingly, the Plaintiffs and the Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Decree.  The parties waive a hearing and entry of findings of fact and conclusions of law on these issues, and further agree to attempt to resolve amicably all issues that may arise as the case moves toward its conclusion following the Special Master's certification of results and Final Report.

Accordingly, the Plaintiffs and Defendants agree and stipulate to the provisions set forth below.

Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. That part of the Court's August 20, 2012 Order setting the City of Evergreen election December 15, 2012 is hereby **VACATED** as to the election date, and the election date only.

2. The City of Evergreen is hereby **ENJOINED** to conduct a new special election on February 26, 2013, and Defendants shall follow state law standards and requirements as to the number of days before and after February 26, 2013 in which to perform an act in conducting the special election and run-off, with the additional requirements that:

    (a) Plaintiffs and Defendants each may submit to the Special Master a list of persons eligible to serve as poll officials for the new election.

    (b) Any candidate who is certified by the Special Master as having received a majority of the votes in the February 26, 2013 primary election shall be sworn in and take office immediately upon such certification; and any candidate who is certified by the Special Master as having received a majority of the votes in the primary election shall be sworn in and take office immediately upon such certification by the Special Master.

3. The Special Master is authorized and directed to file a Final Report upon the completion of his duties describing the problems associated with the

development of an accurate list of eligible voters so as to provide guidance for the future and for the benefit of governments in Alabama generally.

Agreed to this 10th day of December, 2012 by the undersigned counsel.

**AGREED AND CONSENTED TO:**

Dated:	December 10, 2012

| For Plaintiff: | For Defendants: |
|---|---|
| /s/John K. Tanner | /s/James H. Anderson |
| JOHN K. TANNER | JAMES H. ANDERSON [ANDE4440] |
| 3743 Military Road, NW | JESSE K. ANDERSON [ANDE8821] |
| Washington, DC 20015 | JACKSON, ANDERSON & PATTY, PC. |
| john.k.tanner@gmail.com | 250 Commerce Street, Suite 100 |
| Admitted pro hac vice | Montgomery, AL 36104 |
| Tel: 202-503-7696 | jannderson@jaandp.com |
| | Tel: (334) 834-5311 |
| | Fax: (334) 834-5311 |

/s/Armardo W. Pitters
ARMARDO W. PITTERS [8998-T64A]
P.O. Box 973
Montgomery, AL 36102
Tel: (334)265-3333
Fax: (334)365-3411
awpitters@pitterslawfirm.com

**DONE and ORDERED** this the 14th day of December, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE