IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 12-0496-CG |
| | ) |
| THE CITY OF EVERGREEN, | ) |
| ALABAMA, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

Before us is the plaintiffs' Amended Motion for Entry of a Court-Ordered Redistricting Plan. We are obligated to inquire into our own jurisdiction to decide the claims presented.

Congress has provided that a three-judge district court "shall be convened" when: (1) required by an Act of Congress (such as section 5 of the Voting Rights Act); or (2) "an action is filed challenging the constitutionality of the apportionment of congressional districts or any statewide legislative body." 28 U.S.C. § 2284(a). This case involves a challenge to the apportionment of city council districts, not congressional districts or a statewide legislative body. A three-judge court was required only because some of the plaintiffs' claims arise under section 5 of the Voting Rights Act. The plaintiffs' other claims, which

allege violations of section 2 of the Voting Rights Act and the 14th Amendment, would neither require nor authorize convening a three-judge court.

The issue is whether a three-judge court that has been convened to hear a plaintiff's section 5 claims also has jurisdiction to hear related claims even though the court could not properly have been convened to hear those other claims alone. 28 U.S.C. § 2284 does not address this issue, because it addresses only when a three-judge court "shall be convened," not what claims it may decide after being convened.

Nor has the Supreme Court addressed this issue as it pertains to Voting Rights Act cases. The Court has stated in another context that a three-judge court cannot consider "questions not within the statutory purpose for which the two additional judges [have] been called." Pub. Serv. Comm'n v. Brashear, 312 U.S. 621, 625, 61 S.Ct. 784, 786–87 (1941). The Brashear decision has not been overruled, although later decisions have carved out some exceptions to its limitation on a three-judge court's jurisdiction.[1]  But none of those later decisions involved the Voting Rights Act.

---

[1] See, e.g. Allee v. Medrano, 416 U.S. 802, 812 & n.8, 94 S.Ct. 2191, 2198–99 & n.8 (1974) ("While it is argued that a three-judge [d]istrict [c]ourt could not properly be convened if police harassment under concededly constitutional statutes were the only question presented to it, it could properly consider the question and grant relief in the exercise of jurisdiction ancillary to that conferred by the constitutional attack on the state statutes which plainly required a three-judge court."); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 504 n.5, 92 S.Ct. 1749, 1754 n.5 (1972) (stating that although "Supremacy Clause cases are not within the purview of a three judge court," a three-judge court was the proper forum for some of the appellants' claims, and

Recognizing that our jurisdiction as a three-judge court convened to decide section 5 claims is limited to deciding those claims is consistent with Supreme Court precedent that has "long held" that "congressional enactments providing for the convening of three-judge courts must be strictly construed." Allen v. State Bd. of Elections, 393 U.S. 544, 561, 89 S.Ct. 817, 829 (1969). The reason for the rule of strict construction and narrow confinement of our jurisdiction is that "[c]onvening a three-judge court places a burden on our federal court system, and may often result in a delay in a matter needing swift initial adjudication." Id., 89 S.Ct. at 829–30. "Also, a direct appeal may be taken from a three-judge court to [the Supreme Court], thus depriving [the Supreme Court] of the wise and often crucial adjudications of the courts of appeals." Id. at 561–62, 89 S.Ct. at 830.

There is also Supreme Court precedent holding that in deciding a case in which there are only section 5 issues a three-judge court may not go beyond those issues to decide whether the plan being challenged has a discriminatory purpose or effect. Perkins v. Matthews, 400 U.S. 379, 384–85, 91 S.Ct. 431, 435 (1971) (citing Allen, 393 U.S. at 570, 89 S.Ct. at 834); see also McCain v. Lybrand, 465 U.S. 236, 250 n.17, 104 S.Ct. 1037, 1046 n.17 (1984) ("The only questions in an

---

therefore "three-judge court jurisdiction exists over all of appellants' claims, including the Supremacy Clause issues"); United States v. Ga. Pub. Serv. Comm'n, 371 U.S. 285, 287–88, 83 S.Ct. 397, 399 (1963) ("Once [a three-judge court has been properly] convened the case can be disposed of below or here on any ground, whether or not it would have justified the calling of a three-judge court.").

3

action alleging a violation of the § 5 preclearance requirement are (1) whether a change is covered by § 5, (2) if the change is covered, whether § 5's approval requirements have been satisfied, and (3) if the requirements have not been satisfied, what relief is appropriate."); City of Lockhart v. United States, 460 U.S. 125, 129 n.3, 103 S.Ct. 998, 1001 n.3 (1983) ("In granting the injunction [against using a new election procedure that had not been precleared under section 5], . . . [a]ll [the three-judge district court] could do was determine (i) whether a change was covered by § 5, (ii) if the change was covered, whether § 5's approval requirements were satisfied, and (iii) if the requirements were not satisfied, what remedy was appropriate.").

At the hearing on this matter conducted on January 28, 2013, the parties agreed that only the section 5 claims are properly before this three-judge court.

For all of these reasons, we conclude that as a three-judge court we have jurisdiction to decide only if the City's 2012 Plan and the City's new procedure for determining which individuals are eligible to vote in the city council election are subject to the section 5 preclearance requirement, whether they have been precleared, and if they are and have not been, what remedy is appropriate. Plaintiffs' other claims must be decided by a single judge.

The present motion asks us to go beyond our limited jurisdiction and approve a redistricting plan for the special election scheduled for February 26,

2013. Approving such a plan is outside the power of a three-judge court that has jurisdiction to decide only section 5 claims. See United States v. Bd. of Sup'vs., 429 U.S. 642, 646–47 97 S.Ct. 833, 835 (1977) (per curiam) ("The [d]istrict [c]ourt . . . exceeded the permissible scope of its § 5 inquiry [by] . . . proceed[ing] on the premise that . . . [it] could have instituted its own plan. . . . [I]t should have determined only whether [the county] could be enjoined from holding elections under a new redistricting plan because such plan had not been cleared under § 5.") (emphasis added and quotation marks omitted).

Accordingly, we will refer the plaintiffs' motion for approval of their proposed redistricting plan to the single-judge court with jurisdiction over the non-section 5 claims in this case.

We have considered the parties' consent agreements and positions at the January 28, 2013 hearing, and make the following findings:

1. The City of Evergreen, Alabama is a covered jurisdiction within the meaning of Section 5 of the Voting Rights Act of 1965, as amended, 42, U.S.C. § 1973(c).

2. The May 15, 2012 redistricting plan and the revised system for determining what persons are eligible to vote in municipal elections constitute voting changes within the meaning of Section 5. These voting changes are not legally enforceable unless they

        receive the requisite preclearance under Section 5 of the Voting Rights Act.  See Clark v. Roemer, 500 U.S. 646 (1991); 28 C.F.R. §51.10.

3.    These voting changes have not received preclearance from the United States District Court for the District of Columbia or the United States Attorney General, as required under Section 5 of the Voting Rights Act.

4.    Irreparable harm would be caused by Defendants' continued administration and implementation of the unprecleared voting changes.

5.    An appropriate remedy is the enjoining of these voting changes unless and until compliance with Section 5 has occurred.

Because portions of the consent decree injunctions (Doc. 8 as amended by Doc. 24) entered by a single-judge court in this case were beyond its jurisdiction under 28 U.S.C. §2284(b)(3), the portions of the consent decree injunctions which enjoined the use of the May 15, 2012 redistricting plan and the use of the list of voters and Problem Voters is hereby **VACATED**, and it is **ORDERED** that:

1.    Defendants, their agents, their successors in office, and all persons acting in concert with them, are **ENJOINED** from using the redistricting plan adopted by the City on May 15, 2012, unless either

the Attorney General or the United States District Court for the District of Columbia preclears the redistricting plan; and

2. Defendants, their agents, their successors in office, and all persons acting in concert with them, are **ENJOINED** from using any new procedures to determine voter eligibility unless and until they obtain Section 5 preclearance of those new procedures, and they are further **ENJOINED** from using any list of voters or problem voters that was prepared for use in the August 28, 2012 municipal election unless and until they obtain Section 5 preclearance of the procedures used to prepare those lists.

**DONE and ORDERED** this 1st day of February, 2013.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE